UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
)
) **Notice of Preliminary Hearing on Motion**
)    ☐ **For Use of Cash Collateral**
)    ☐ **To Obtain Credit**
Debtor(s) ) **(Check One)**

YOU ARE NOTIFIED THAT:

1. The undersigned moving party, _____, filed a Motion ☐ For Use of Cash Collateral ☐ To Obtain Credit (check one). The motion is attached and it includes (1) the statement required by [Local Bankruptcy Form (LBF) 541.5](#) and (2) the following allegations:

    a. The immediate and irreparable harm that will come to the estate pending a final hearing is _____.

    b. The amount of ☐ cash collateral ☐ credit (check one) necessary to avoid the harm detailed above prior to the final hearing is _____.

2. The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____.

3. A preliminary hearing on the motion will be held as follows:

    **Date:** _____ **Time:** _____ **Location:** _____

    Testimony will be received if offered and admissible.

4. If you wish to object to the motion, you must do one or both of the following:

    a. attend the preliminary hearing.

    b. file a written response, which states the facts upon which you will rely, with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401.

    If the response is filed within three business days before the hearing, notify the judge's chambers by telephone immediately after filing the document, as required by Local Bankruptcy Rule (LBR) 9004-1(b).

541.1 (12/1/2018)            Page 1 of 2

5. I certify that on _____ this notice and the motion were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 7004 on the debtor(s), any debtor's attorney, any trustee, any trustee's attorney, members of any committee appointed under 11 U.S.C. § 1102 or elected pursuant to 11 U.S.C. § 705 or its authorized agent [or, if no committee in a chapter 11 case, on all creditors listed on the list filed pursuant to FRBP 1007(d)], any creditors' committee attorney, the U.S. Trustee, and all entities with any interest in the cash collateral subject to this motion, whose names and addresses used for service are as follows:

_____
Signature of Moving Party or Attorney                                    OSB #

_____
(If debtor is movant) Debtor's Address & Last 4 Digits of Taxpayer ID#(s)

Christopher N. Coyle, OSB #073501
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4861
Fax: 503-241-3731

Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 20-31938-tmb11 |
|---|---|
| Dinkel Family Farms, LLC, | MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION |
| Debtor-in-Possession. | |

Debtor-in-Possession Dinkel Family Farms, LLC, ("Debtor"), pursuant to Sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rule 4001, and LBR 4001-1(c), moves the Court for (a) entry of an Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection; and, (b) after final hearing held pursuant to Rule 4001(b)(2), entry of a final order authorizing the Debtor to use cash collateral as defined by §363(a) of the Bankruptcy Code ("Cash Collateral"), and, in support, represent and state as follows:

**CONCISE STATEMENT PURSUANT TO BANKRUPTCY RULE 4001(b)(1)(B)**

1. Pursuant to Rule 4001(b)(1)(B), the Debtor seeks authorization to use cash collateral for working capital and general business purposes. The Debtor further requests that the Court conduct a preliminary hearing on this motion and authorize it to use up to $324,550.00 of cash collateral on a preliminary basis to fund expenditures in

Page 1 of 9    MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION    VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-31938-tmb11    Doc 9    Filed 06/18/20

accordance with the cash collateral budget attached hereto as **Exhibit 1** (the "Budget") to **Exhibit A** to ensure that Debtor is able to continue business, and thereby avoid immediate and irreparable harm to the bankruptcy estate, pending a final hearing on this motion for the period from the Petition Date through August 24, 2020. After final hearing, Debtor requests entry of an order authorizing use of Cash Collateral through confirmation and for the duration of Debtor's Chapter 11 plan consistent with the Budget.

2. The creditor(s) who may claim an interest in the cash collateral of Debtor are as follows: Columbia State Bank ("Columbia") and Valley Agronomics, LLC ("Valley Ag"). On information and belief, Columbia is in first position with respect to the cash collateral of the Debtor.

3. The adequate protection being offered to this creditor for the Debtor's use of cash collateral is (1) replacement liens on the Debtor's postpetition property to the extent of the value of a creditor's interest in the Debtor's prepetition property (each a "Replacement Lien" and collectively the "Replacement Liens"), in each instance limited to the same kinds or categories of property that such creditor had a lien on or security interest in as of the Petition Date, with the Replacement Liens to have the same relative priorities vis-à-vis each other as the prepetition liens and security interests have to each other and shall perfect automatically, and (2) to the extent a Replacement Lien proves to be inadequate to protect against diminution in the value of a creditor's interest in the Debtor's prepetition property resulting from Debtor's postpetition use of cash collateral, such creditor will be entitled to an allowed administrative expense claim under Section 503(b), of the Bankruptcy Code that will

Page 2 of 9    MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-31938-tmb11    Doc 9    Filed 06/18/20

have super priority as provided in Section 507(b) of the Bankruptcy Code and will be secured by an additional perfected lien on all property of the estate (real and personal, tangible and intangible), whenever acquired or arising, but excluding those claims and causes of action of the estate arising under Chapter 5 of the Bankruptcy Code, subject only to (A) any and all validly perfected security interests and liens existing as of the Petition Date, (B) the Replacement Liens, and (C) any liens on property of the estate granted hereafter during the course of the case under Section 364(d) of the Bankruptcy Code.

## MOTION FOR USE OF CASH COLLATERAL

## JURISDICTION

1. This Court has jurisdiction over this case under 28 U.S.C. §§ 157 and 1334. Venue of this case is properly in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(M). The statutory predicates for the relief requested are Sections 105(a) and 363 of the Bankruptcy Code.

## BACKGROUND

2. On June 18, 2020, Debtor commenced its reorganization case by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code. Pursuant to Section 1107 of the Code, Debtor is authorized to possession of Debtor's property and to operate Debtor's business.

3. Debtor owns and operates a commercial farming operation. Declaration of Barry Dinkel In Support Of First Day Motions ("Dinkel Decl."), ¶ 5. Debtor owns and leases property on which Debtor grows crops including forage crops, grass seed, and garlic seed. Dinkel Decl. ¶ 5–6.

Page 3 of 9   MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-31938-tmb11    Doc 9    Filed 06/18/20

4. Debtor owns real property located in Jefferson County, Oregon. Dinkel Decl. ¶ 6. The real property includes three farm tracts commonly known as the Home Place, Jericho and Belmont farms with a combined total acreage of approximately 896.82± acres; pursuant to an April 29, 2019 appraisal conducted by Advanced Valuation & Consulting, Inc. for Columbia, these tracts are valued at $3,450,000 (which includes the value of the irrigation systems). *Id*. The real property also includes additional farm tracts commonly known as the Avila farm tract with a combined total acreage of approximately 513.83± acres; pursuant to an April 24, 2019 appraisal conducted by Advanced Valuation & Consulting, Inc. for Columbia, this property is valued at $3,396,480[1] (which includes the value of the irrigation systems). *Id*. Altogether, the real estate is valued by these appraisals at 6,846,480. *Id*. In addition to the real estate, Debtor owns harvested crops, including approximately 50,000 lbs of grass seed worth approximately $67,500 ($1.35 per lb) currently for sale, and a significant prior investment into growing crops. *Id*. In addition to the farming operations, Debtor also has joint checks[2] with a face value of approximately $409,481.66. *Id*.

5. The total value of Columbia's collateral is in excess of $7,300,000 plus the value of the growing crops (without consideration of Valley Ag's liens). The total value of Valley Ag's collateral is in excess of $475,000 plus the value of the growing crops.

---

[1] The appraisal includes the Baggett and Hettervig tracts which not owned by the Debtor. This figure is based on the appraisal's "As Is" value of $3,750,000 less (1) $88,000 (Baggett tract purchase price), (2) $170,000 (Hettervig tract purchase price), and (3) $95,520 (irrigation systems on those tracts based on total tract acreage at appraisal's stated contributory value of $800 per irrigated acre).

[2] Joint checks are payable to a mix of Debtor and Columbia, Debtor and Valley Ag, and Debtor, Columbia, and Valley Ag.

Page 4 of 9     MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-31938-tmb11    Doc 9    Filed 06/18/20

6. As part of Debtor's regular operation of its business, Debtor sells hay, grass seed, and garlic seed to raise funds for payment of expenses. Dinkel Decl. ¶ 5.

### PARTIES WITH POTENTIAL INTERESTS IN CASH COLLATERAL

4. The following entity (the "Lien Creditor") may claim a lien in the Cash Collateral based upon the security interest held by the Lien Creditor for the following collateral:

| Lien Creditor | UCC No. | Brief Collateral Description |
|---|---|---|
| Columbia State Bank | 91099088; 91120608; 91130277 | All property of Debtor, including all inventory, chattel paper, accounts, instruments, equipment, machinery, general intangibles, goods, and farm products. |
| Valley Agronomics, LLC | 92058096; 92078501; 92118839 | Crops, proceed of crops as of filing date(s). |

5. Other than the Lien Creditor noted above, Debtor is not aware of any parties holding an interest in the Cash Collateral.

6. To preserve the value of Debtor's business as a going concern, Debtor requires the use of the cash generated from Debtor's business to pay Debtor's operating expenses. Dinkel Decl. ¶ 12.

7. Debtor requires the use of Cash Collateral to make reasonable and necessary payments related to the Debtor' businesses including, but not limited to, lease payments, chemicals, fertilizer, fuel, and payroll. *Id*.

8. In order to formulate a plan of reorganization, Debtor requires the use of Cash Collateral for the payment of operating expenses. Debtor proposes to use Cash Collateral of not more than $324,250.00 over the period commencing June 18, 2020, through August 31, 2020, on the terms set forth in the proposed Interim Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A**. Through August 31, 2020, Debtor propose to use

Page 5 of 9  MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-31938-tmb11    Doc 9    Filed 06/18/20

Cash Collateral of not more than $324,250.00 on such terms as will be provided in a Final Order authorizing use of Cash Collateral. Debtor's projected operating expense budget is attached to **Exhibit A and** marked as **Exhibit 1** (the "Budget"). Such Cash Collateral includes, but is not limited to, any uncashed checks made payable to the Debtor and cash collateral in possession of a Lien Creditor or an agent for a Lien Creditor on the Petition Date.

9. Debtor has made reasonable efforts to secure alternative financing. Debtor is unable to obtain necessary financial accommodations for the expenses shown in the Budget from any source. Dinkel Decl. ¶ 15.

10. After reasonable efforts, Debtor is unable, pursuant to §364(a) or (b), to obtain unsecured credit allowable under §503(b)(1) as an administrative expense. Dinkel Decl. ¶ 15.

11. Allowing Debtor to use Cash Collateral on the terms set forth in the proposed Preliminary Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A** will maximize the value of the Debtor's assets for the estate, will increase the probability of a successful reorganization, and is in the best interests of the creditors and respective bankruptcy estates. Dinkel Decl. ¶ 14.

12. Without the use of Cash Collateral, Debtor has insufficient funds to meet Debtor' expenses as itemized in the Budget. Debtor has an immediate need for Cash Collateral to pay Debtor's operating expenses, including, but not limited to, payments for leased equipment, fertilizer, and operating expenses, all of which will preserve the value of Debtor's business. Dinkel Decl. ¶ 15.

Page 6 of 9   MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-31938-tmb11    Doc 9    Filed 06/18/20

13. The proposed order on this motion does not contain any of the "disfavored provisions" listed in LBF 541.5.

## PROPOSED TERMS OF CASH COLLATERAL ORDER

14. Debtor further proposes that Debtor's authority to use Cash Collateral be limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtor may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the aggregate budget variance shall not exceed ten percent (10%) of the total projected expenditures under the Budget for that Budget period.

## NOTICE

15. No creditors' committee under §1102 of the Code has yet been appointed by the U.S. Trustee, but Debtor has given notice, as required by Bankruptcy Rule 4001, of this motion or pending requisite notice of such motion.

## PROPOSED ADEQUATE PROTECTION

16. Notwithstanding anything to the contrary contained in Section 552(a) of the Code, as adequate protection for, and to secure payment of, an amount equal to the aggregate diminution (from the Petition Date) in the value of the property of Debtor to which any of the liens of the parties identified herein shall have attached, and as security for and an inducement to said parties to permit use of Cash Collateral, Debtor proposes to grant to each of them the following protection:

   a. A replacement lien on all of the post-petition property of the same nature and kind in which each of them has a pre-petition line or security interest. The replacement liens shall have the same relative priority vis-a-vis one another as existed on the petition date with respect to the original liens.

Page 7 of 9   MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-31938-tmb11    Doc 9    Filed 06/18/20

b. Debtor shall timely perform and complete all actions necessary and appropriate to protect Lien Creditors' collateral against diminution in value.

c. To the extent a Replacement Lien proves to be inadequate to protect against diminution in the value of a creditor's interest in the Debtor's prepetition property resulting from Debtor's postpetition use of cash collateral, such creditor will be entitled to an allowed administrative expense claim under Section 503(b), of the Bankruptcy Code that will have super priority as provided in Section 507(b) of the Bankruptcy Code and will be secured by an additional perfected lien on all non-exempt property of the respective estates (real and personal, tangible and intangible), whenever acquired or arising, but excluding those claims and causes of action of the estate arising under Chapter 5 of the Bankruptcy Code, subject only to (A) any and all validly perfected security interests and liens existing as of the Petition Date, (B) the Replacement Liens, and (C) any liens on property of the estate granted hereafter during the course of the case under Section 364(d) of the Bankruptcy Code.

A significant equity cushion is in and of itself sufficient adequate protection to support a debtor's request or use of cash collateral. *See In re Mellor*, 734 F2d 1396 (9th Cir, 1984) where the Court implied that an equity cushion of 10% is sufficient to adequately protect a secured creditor for use of the secured creditor's cash collateral. Relying on *Mellor*, the Ninth Circuit Appellate Panel has found that adequate protection existed where an 11.45% equity cushion existed. *See In re Boulders on the River, Inc.*, 164 B.R. 99 (9th Cir. B.A.P. 1994). With the quantifiable (non-growing crops) collateral already providing substantial

Page 8 of 9   MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-31938-tmb11    Doc 9    Filed 06/18/20

value, the value of the growing crops (and that the use of the cash collateral will further maintain and enhance the value of those crops) is sufficient to provide an adequate equity cushion for the use of cash collateral.

With the additional collateral provided by the replacement lien and allowed administrative expense claim lien, the Lien Creditor's secured claims are adequately protected: the growth of the farm products produced by the Debtor's businesses provides substantial value under the replacement lien and the administrative expense claim lien gives Lien Creditor the "first bite" at the value in the estate created by the growth of the farm products and non-exempt estate property.

WHEREFORE, Debtor moves the Court for:

1. An Interim Order Authorizing the Use of Cash Collateral on the terms set forth in **Exhibit A** attached hereto and Granting Adequate Protection.

2. An Order setting a preliminary hearing on this motion upon such notice as the Court may direct pursuant to FRBP 4001(b)(3) to authorize the expenditures set forth on the Budget.

3. That the Order and each of its terms shall be effective immediately upon entry by the Court and the automatic stay of judgment provisions of FRBP 8017(a) shall not apply;

4. An Order setting a final hearing after notice on this Motion.

VANDEN BOS & CHAPMAN, LLP

By:/s/ Christopher N. Coyle
    Christopher N. Coyle, OSB #073501
    Of Attorneys for Debtor-in-Possession

Page 9 of 9   MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-31938-tmb11   Doc 9   Filed 06/18/20

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 20-31938-tmb11 |
|---|---|
| Dinkel Family Farms, LLC, | PRELIMINARY ORDER AUTHORIZING USE OF CASH COLLATERAL |
| Debtor-in-Possession. | |

THIS MATTER came before the Court on the motion of Debtor-in-Possession Dinkel Family Farms, LLC (the "Debtor"), pursuant to Sections 105(a) and 363 of the Bankruptcy Code, for interim authority to use cash collateral, due and adequate notice under the circumstances having been given, and the Court having heard the representations and argument of counsel, and being otherwise fully advised,

The Court finds that:

A. On June 18, 2020 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 12 of the Bankruptcy Code (the "Code"). The Debtor continues in possession of its property and management of the business in accordance with Section 1107.

Page 1 of 6   PRELIMINARY ORDER AUTHORIZING USE OF CASH COLLATERAL

Exhibit 1 - Page 1 of 7

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-31938-tmb11    Doc 9    Filed 06/18/20

B.   The Court has jurisdiction over this case under 28 U.S.C. §§ 157 and 1334. Venue of this case is properly in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. §157(b), 11 U.S.C. §§ 105(a) and 363 of the Code, FRBP 4001 and LBR 4001-1(d).

C.   Without the use of Cash Collateral, Debtor has insufficient funds to meet their expenses and other payments set forth in the Budget. Debtor has an immediate need to use Cash Collateral to pay operating expenses and to preserve the value of its business.

D.   Debtor will suffer immediate and irreparable harm if it is not permitted to use up to $324,250.00 of Cash Collateral on an interim basis for the period covering June 18, 2020 through August 31, 2020, in the amount and for the purposes set forth in the Budget, to meet their necessary and ordinary course post-petition operating expenses prior to the time prescribed by FRBP 4001(b)(2) for a final hearing for authority to use Cash Collateral.

E.   Debtor asserts that the following creditors, (the "Lien Creditors"), appear to have security interest/liens upon the Cash Collateral as of the petition date:

| Lien Creditor | UCC No. | Brief Collateral Description | Lien Creditor |
|---|---|---|---|
| Columbia State Bank | 91099088; 91120608; 91130277 | All property of Debtor, including all inventory, chattel paper, accounts, instruments, equipment, machinery, general intangibles, goods, and farm products. | Columbia State Bank |
| Valley Agronomics, LLC | 92058096; 92078501; 92118839 | Crops, proceed of crops as of filing date(s). | Valley Agronomics, LLC |

Page 2 of 6   PRELIMINARY ORDER AUTHORIZING USE OF CASH COLLATERAL

Exhibit 1 - Page 2 of 7

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-31938-tmb11    Doc 9    Filed 06/18/20

**NOW, THEREFORE, it is ORDERED as follows:**

1. Debtor is authorized to use Cash Collateral not to exceed $324,250.00 for the period covering June 18, 2020 through August 31, 2020 (the "Budget Period"), for the purposes specified in the Budget attached hereto as **Exhibit 1** (the "Budget"). Debtor's authority to use Cash Collateral is limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtor may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the aggregate budget variance shall not exceed ten percent (10%) of the total projected expenditures.

3. Notwithstanding anything to the contrary contained in 11 U.S.C. §552(a), as adequate protection for, and to secure payment of, an amount equal to the diminution in the value, if any, of the Cash Collateral arising from Debtor's use of the Cash Collateral post-petition, the UCC Lien Creditors are granted the following adequate protection:

   a. A replacement lien on all of the post-petition property of the same nature and kind in which each of them has a pre-petition line or security interest. The replacement liens shall have the same relative priority vis-a-vis one another as existed on the petition date with respect to the original liens.

   b. Debtor shall timely perform and complete all actions necessary and appropriate to protect Lien Creditors' collateral against diminution in value.

   c. To the extent a Replacement Lien proves to be inadequate to protect against diminution in the value of a creditor's interest in the Debtor's prepetition property resulting from Debtor's postpetition use of cash collateral, such creditor will be entitled to an allowed administrative expense claim under Section 503(b), of the Bankruptcy Code that will

Page 3 of 6  PRELIMINARY ORDER AUTHORIZING USE OF CASH COLLATERAL

Exhibit 1 - Page 3 of 7

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-31938-tmb11    Doc 9    Filed 06/18/20

have super priority as provided in Section 507(b) of the Bankruptcy Code and will be secured by an additional perfected lien on all non-exempt property of the respective estates (real and personal, tangible and intangible), whenever acquired or arising, but excluding those claims and causes of action of the estate arising under Chapter 5 of the Bankruptcy Code, subject only to (A) any and all validly perfected security interests and liens existing as of the Petition Date, (B) the Replacement Liens, and (C) any liens on non-exempt property of the estate granted hereafter during the course of the case under Section 364(d) of the Bankruptcy Code.

4. This Order shall be deemed to constitute a security agreement under the applicable provisions of the Uniform Commercial Code ("UCC") in effect in states where the Debtor (a) is domiciled, (b) operates its business, and (c) maintains its principal place of business. The Replacement Lien granted hereby shall be a valid, perfected and enforceable security interest and lien on the non-exempt property of the Debtor and the Debtor's estate without further filing or recording of any document or instrument or any other action, but only to the extent of the enforceability of Lien Creditors' security interests in the Prepetition Collateral. Notwithstanding the foregoing, the Debtor is authorized and directed to execute and deliver to Lien Creditors such financing statements, instruments and other documents as Lien Creditors may deem necessary or desirable from time to time. To the extent necessary, the automatic stay in effect pursuant to 11 U.S.C. § 362 is hereby modified and lifted to permit the granting of the Replacement Lien as set forth herein.

Page 4 of 6   PRELIMINARY ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Exhibit 1 - Page 4 of 7

Case 20-31938-tmb11    Doc 9    Filed 06/18/20

5. Nothing in this Order shall be construed to (a) prejudice a right of any party in interest (including Debtor) to contest the validity, priority or extent of the liens or security interests of any party in any collateral or in the proceeds thereof, as of, on or after the Petition Date; (b) grant a security interest in the Debtor-in-possession's or trustee's avoidance powers; (c) convert any pre-petition obligations into post-petition obligations; (d) require payment of any obligations on confirmation of a plan of reorganization; (e) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtor, or its assets or (f) enhance the secured position of any creditor as of the Petition Date.

6. Debtor is authorized to execute and deliver to the Lien Creditors such instruments considered by them to be necessary or desirable to perfect the security interests and liens given to them herein, and said parties are authorized to receive, file and record the same.

7. Nothing contained in this Order shall constitute a determination as to the amount, validity or priority of any pre-petition obligation, security interest or lien and all rights or parties in interest to claim that any pre-petition lien or security interest in Debtor's non-exempt property is unperfected, unenforceable, invalid or voidable, are reserved. Additionally, nothing in this Order shall constitute an admission or acknowledgment by Debtor that any party has a valid or perfected lien in the cash of Debtor now existing or subsequently received, and the references herein to "Cash Collateral" is without prejudice to all rights, defenses and claims of Debtor to contend that any party does not have a perfected lien or security interest in such cash.

8. The provisions hereof and the effect of any actions taken hereunder shall survive issuance and entry of any order: (a) confirming any plan of reorganization; (b) converting Debtor's case to one under Chapter 7 of the Code; or (c) dismissing Debtors' case. The

Page 5 of 6    PRELIMINARY ORDER AUTHORIZING USE OF CASH COLLATERAL

Exhibit 1 - Page 5 of 7

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-31938-tmb11    Doc 9    Filed 06/18/20

priorities, liens and security interests granted herein shall continue in these or any superseding cases under the Code, and any such liens and security interests shall maintain their priority as provided herein until satisfied and discharged subject to the Code.

9. In the event any or all of the provisions of this Order are hereafter modified, amended or vacated by a subsequent order of this or any other court, no such modification, amendment or vacation shall affect the validity and enforceability of any lien or priority authorized or created hereby. Notwithstanding any such modification, amendment or vacation, any claim granted hereunder arising prior to the effective date of such modification, amendment or vacation shall be governed in all respects by the original provisions of this Order.

###

**PRESENTED BY:**

/s/ Christopher N. Coyle
Christopher N. Coyle, OSB #073501
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon 97204
Telephone: (503) 241-4869
Fax: (503) 241-3731

    Of Attorneys for Debtor

**RULE 9021-1(a) CERTIFICATION:**
I certify that I have complied with the requirements of LBR 9021-1(a); the proposed order was served with the motion.

/s/ Christopher N. Coyle
Christopher N. Coyle, OSB #073501

**First Class Mail:**

Columbia State Bank
c/o Client Stein, President/CEO
1301 A. St.
Tacoma, WA 98402

Valley Agronomics, LLC
c/o C T Corporation System, R.A.
780 Commercial Street SE Ste. 100
Salem, OR 97301

Dinkel Family Farms, LLC
9228 SW Culver Hwy.
Culver, OR 97734

**Electronic Mail:** The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system.

Page 6 of 6  PRELIMINARY ORDER AUTHORIZING USE OF CASH COLLATERAL

Exhibit 1 - Page 6 of 7

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-31938-tmb11    Doc 9    Filed 06/18/20

## Dinkel Family Farms, LLC
PROJECTED CASH FLOW
Period of June 21, 2020 through August 2020

| WEEK #/MONTH<br>WEEK/MONTH ENDING | Week #1<br>06/21/20 | Week #2<br>06/28/20 | Week #3<br>07/05/20 | Week #4<br>07/12/20 | Week #5<br>07/19/20 | Period of<br>Week #6<br>07/26/20 | Month of<br>Aug '20 | TOTAL<br>PERIOD OF<br>06/21/20<br>Aug '20 |
|---|---|---|---|---|---|---|---|---|
| **BEGINNING CASH BALANCE** | 409,482 | 376,532 | 337,032 | 334,832 | 297,132 | 296,382 | 261,882 | |
| **ONE TIME CASH CONTRIBUTIONS** | - | | | | | | | |
| **CASH RECEIPTS** | | | | | | | | |
| Hay Sales | | | | | | | | - |
| Grass Seed Sales | | | | | | | | - |
| Garlic Seed Sales | | | | | | | | - |
| Insurance Proceeds (Damages) | | | | | | | | - |
| Government Subsidies/Grants | | | | | | | | - |
| **TOTAL CASH RECEIPTS** | - | - | - | - | - | - | - | - |
| **CASH DISBURSEMENTS** | | | | | | | | |
| **Business Operations** | | | | | | | | |
| Advertising | | | | | | | | - |
| Car and Truck Expense | | | | | | | | - |
| Chemicals | | 5,000 | | | | | 45,000 | 50,000 |
| Custom Hire | | | | | | | | - |
| Dues, Subscrip, fees | | | | | | | | - |
| Fertilizer | 2,500 | | | | | | 60,000 | 62,500 |
| Freight | | | | | | | | - |
| Fuel/Oil | 300 | 300 | 300 | 20,000 | 300 | 300 | 23,600 | 45,100 |
| Insurance | 450 | 2,200 | 1,900 | | 450 | 2,200 | 2,350 | 9,550 |
| Irrigation | | | | | | | | - |
| Leases/equip rent | | | | 4,000 | | | | 4,000 |
| Office Supplies | | | | | | | | - |
| Operational Supplies | 8,700 | | | 700 | | | 700 | 10,100 |
| Payroll Expense | | 12,000 | | 12,000 | | 12,000 | 24,000 | 60,000 |
| Professional Fees | | | | | | | | - |
| Hay/Feed purchased | | | | | | | | - |
| Rent | | | | | | | | - |
| Repairs | 20,000 | 5,000 | | | | 5,000 | 5,000 | 35,000 |
| Taxes | | | | | | | | - |
| Utilities | 1,000 | 15,000 | | 1,000 | | 15,000 | 16,000 | 48,000 |
| | | | | | | | | - |
| | | | | | | | | - |
| | | | | | | | | - |
| Total Business Expenses | 32,950 | 39,500 | 2,200 | 37,700 | 750 | 34,500 | 176,650 | 324,250 |
| **TOTAL CASH DISBURSEMENTS** | 32,950 | 39,500 | 2,200 | 37,700 | 750 | 34,500 | 176,650 | 324,250 |
| **CHANGE IN CASH** | (32,950) | (39,500) | (2,200) | (37,700) | (750) | (34,500) | (176,650) | |
| **ENDING CASH BALANCE** | 376,532 | 337,032 | 334,832 | 297,132 | 296,382 | 261,882 | 85,232 | |

PROJECTED CASH FLOW - Notes
(1) First cutting of hay expected within two weeks with sales proceeds paid after August

**Exhibit 1 - Page 7 of 7**
**Exhibit A - Page 1 of 1**